UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HONGWU WANG,

          Petitioner,

    v.

WARDEN OF ADELANTO ICE
PROCESSING CENTER, et al.,

          Respondents.

Case No. 5:26-cv-03473-PD

**ORDER GRANTING IN PART
PETITION FOR WRIT OF
HABEAS CORPUS AND
ORDERING RELEASE**

**A# 246-072-091**

Hongwu Wang ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking a bond hearing or release from Respondents' custody at the Adelanto ICE Processing Center in Adelanto, California. Dkt. No. 1. The Court has considered the Petition and Respondents' Answer. Dkt. No. 8.

**I.     Background**

Petitioner is a native and citizen of the People's Republic of China, who entered the United States on or about November 23, 2022, and was apprehended by Immigration and Customs Enforcement ("ICE"). Dkt. No. 1, Petition ¶¶ 1, 24. On or about November 24, 2022, ICE paroled Petitioner

into the United States under 8 U.S.C. § 1182(d)(5)(A) and released him from custody. *Id.* ¶¶ 25, 35. Thereafter, Petitioner and his wife applied for asylum, which remains pending. *Id.* ¶ 26.

Since his release, Petitioner diligently complied with his reporting requirements, attended church regularly, worked to support himself, paid taxes, and lived openly and peacefully in the community. Petitioner has no criminal record. *Id.* ¶ 27.

On or about June 16, 2026, Petitioner appeared for a routine check-in at the ICE Office in Los Angeles and was detained. *Id.* ¶ 28. ICE took Petitioner's personal belongings, including his Employment Authorization Document and Social Security Card. *Id.* ¶ 30. That same day, the Department of Homeland Security issued Petitioner and his family a Notice to Appear, which placed him in full removal proceedings. *Id.* ¶ 29. Petitioner was subsequently transferred to the Adelanto ICE Processing Center, where he remains detained. *Id.* ¶ 4.

According to Petitioner, prior to his re-detention, he was not notified that his parole was revoked and was not given any notice or opportunity to contest his detention. *Id.* ¶ 31. In fact, as of the date of filing the Petition, Petitioner has never received a bond hearing. *Id.* ¶ 32.

## II.   Discussion

The Petition raises three claims: (1) Petitioner's re-detention without a pre-deprivation hearing violated his right to due process under the Fifth Amendment; (2) Petitioner's revocation of parole violates 8 C.F.R. § 212.5(e)(2)(i); and (3) Petitioner's detention without a warrant and bond

2

hearing violates the Immigration and Nationality Act ("INA") under 8 U.S.C. § 1226(a). *Id.* at 7–11.[1]

Respondents argue that Petitioner is not entitled to release from detention, as the Petition does not allege an adequate basis to order release. Dkt. No. 8 at 2.   Respondents do not oppose entry of an order requiring a bond hearing. *Id.*

For the reasons set forth below, the Court concludes that the Petition does allege an adequate basis to order release in that the detention of Petitioner violated his Fifth Amendment right to due process.

### A.   Procedural Due Process

This Court and others in this District have found that re-detention, without notice or a pre-deprivation hearing, of a noncitizen who had been released on conditions shortly after their entry into the United States and had complied fully with those conditions, violated procedural due process. *See Cruz v. Lyons, et al.,* No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129 (C.D. Cal. Nov. 6, 2025) (granting temporary restraining order releasing noncitizen who had been paroled into the United States and was re-arrested at appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in).  *See also M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at *5 (C.D. Cal. Dec. 19, 2025) (granting TRO ordering release of noncitizen who had been released on their own recognizance shortly after entering the United States and was re-arrested at ICE check-in).

---

[1] The Court uses the page numbers inserted into the pleadings by the Court's electronic filing system.

As in these cases, the Court considers Petitioner's procedural due process claim under the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  The *Matthews* test balances three factors:

> First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

### 1.    Private Interest

Petitioner has a substantial private interest in remaining out of custody.  Petitioner has resided in the United States for approximately three years and seven months, since November 24, 2022.  During this time, he has worked to support himself, has attended church regularly, has paid taxes, and has lived openly and peacefully in the community.  Petition ¶ 27.

While Petitioner has remained subject to supervision during this time, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated." *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases).  Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'" *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at \*7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

4

## 2.    Risk of Erroneous Deprivation

With respect to the second *Mathews* factor, Petitioner argues there is a significant risk of erroneous deprivation because he has not received a bond or custody hearing and the government has provided no evidence of material changed circumstances.  Petition ¶ 38.  The Court agrees.  The risk of an erroneous deprivation of a petitioner's liberty interest is considerable where he has not received any bond or custody redetermination.  *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) (risk of erroneous deprivation is considerable for petitioner previously released on bond after it was determined he was not a danger to the community or a flight risk).

In evaluating this risk, courts that have ordered release and a pre-deprivation hearing have considered the petitioner's compliance with all release conditions and criminal history.  *See e.g., Calderon v. Kaiser*, No. 25-CV-06695-AMO, 2025 WL 2430609 at *2 (N.D. Cal. Aug. 22, 2025) (noting that petitioner who was released on her own recognizance did not violate the conditions of her release which included reporting for any hearing or interview); *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) ("Petitioner has no criminal history and indicates that he has attended every check-in and court hearing since he arrived in the United States."); *De Vasquez v. Chestnut*, No. 1:25-CV-1999-JDP, 2026 WL 25539 at *4 (E.D. Cal. Jan. 5, 2026) (noting that since release, "there has been no indication that [petitioner] has become a flight risk or danger to the community").  Petitioner states that he diligently complied with all reporting requirements, and Respondents do not contend that changed circumstances prompted revocation of Petitioner's release.

Petitioner's initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-CV-02198-JLS-JC,

5

2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted).  Further, Petitioner's release was predicated on the Government's determination that Petitioner did not present a danger or flight risk requiring his detention.  *See* 8 C.F.R. § 212.5 (permitting release on parole under 8 U.S.C. § 1182(d)(5)(A) in limited circumstances, "provided the aliens present neither a security risk nor a risk of absconding").  Since then, Petitioner has established substantial ties with the community and has complied with all reporting requirements.

Based on the record, there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's unnecessary re-detention.

### 3.   Government Interest

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a predetention hearing." *Cruz*, 2025 WL 4051129 at *4 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017).  Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]' " *Sun*, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)).  "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that Respondents' lack of constitutionally adequate procedures has resulted in his unnecessary

6

detention, and any government interest in refusing to provide such process is minimal. The Court therefore concludes that the Government's re-detention of Petitioner without adequate pre-deprivation process violated due process. Because the Court concludes that Petitioner is entitled to release on procedural due process grounds, it declines to address Petitioner's remaining claims. Nothing prevents Petitioner from raising these claims again in the future, should the Government re-detain Petitioner following the procedures set forth above.

## III. Conclusion

The Court grants the Petition based on Count One under due process and dismisses the remaining counts without prejudice. The prayer for relief seeks an order enjoining Respondents "from transferring, re-arresting, or re-detaining Petitioner absent lawful process, including a pre-deprivation hearing before a neutral decisionmaker at which the government establishes by clear and convincing evidence that detention is appropriate to prevent his flight or to protect the public." Petitioner asks that this hearing be provided with advance notice. Dkt. No. 1 at 13. The Petition also seeks an order enjoining Petitioner's removal from the United States without meaningful notice and opportunity to fully present a fear-based claim. *Id.* However, the Petition fails to provide a legal and factual basis for ordering such prospective relief at this time.

## IV.    Order

For the foregoing reasons, the Petition is GRANTED as to Count One, and the remaining counts are dismissed without prejudice.

Petitioner Hongwu Wang (A# 246-072-091) is **ordered released** on his prior conditions of release within 24 hours of this Order.

At the time of release, **Respondents are ordered** to return to Petitioner all of Petitioner's personal belongings that were seized from him, including his Employment Authorization Document and Social Security Card.

**Respondents are further ordered** to file, within three days of Petitioner's release, a status report (1) confirming Petitioner's release, and (2) confirming the return to Petitioner of his personal belongings, including the above-listed items.

IT IS SO ORDERED.

DATED: July 2, 2026

Patricia Donahue
United States Magistrate Judge